

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

August 30, 1951

Hon. Joe E. Gracey
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. V-1265

Re: Authority of the com-
missioners' court re-
specting fiscal mat-
ters of the county
hospital.

Reference is made to your request for an opinion wherein you state:

"The board of managers of the Ste-
phens County Memorial Hospital, which is
a hospital constructed by Stephens Coun-
ty, Texas, with bonds voted for that
purpose and such help as was given the
County by the Federal Government in con-
nection with the hospital building pro-
gram, are taking the position that they
have the right to take all of the funds
derived from the operation of the hospit-
al and place it in the local bank which
is the county depository, in a special
account, under the exclusive control of
a board of managers. The board of man-
agers then insist that they have a right
to approve all bills and authorize the
payment of all such bills and expenses in
connection with the operation of the hos-
pital without the approval of the Commis-
sioners' Court of Stephens County, Texas.
It is the contention of the Commissioners'
Court that under Article 4484, Vernon's
Civil Statutes of Texas, that the board
shall certify all bills and accounts, in-
cluding salaries and wages, and transmit
same to the Commissioners' Court, who
shall provide for their payment in the
same manner as other charges against the
County are paid. It is the further con-
tention of the Commissioners' Court that
under Article 4485 of Vernon's Civil
Statutes of Texas, that it is the duty
of the hospital superintendent, as pro-

vided in said article, to collect and receive all monies due the hospital, to keep an accurate account of same, and report the same at a monthly meeting of the Board of Managers and transmit the same to the county collector within ten days after each meeting.

"I would appreciate it if you would kindly advise me as to whether all of the revenues received in connection with the operation of the Stephens County Memorial Hospital should not be delivered to the proper official of Stephens County, Texas, and deposited by Stephens County, and that all bills and accounts, including salaries and wages, should be certified to by the board of managers and then approved by the Commissioners' Court and paid as other accounts owing by Stephens County."

Article 4480, V.C.S., provides in part:

"Said board shall fix the salaries of the superintendent and all other officers and employes within the limit of the appropriation made therefor by the commissioners' court, and such salaries shall be compensation in full for all services rendered. . . . The board shall have the general management and control of the said hospital, grounds, buildings, officers and employees thereof; of the inmates therein, and of all matters relating to the government, discipline, contracts and fiscal concerns thereof; and make such rules and regulations as may seem to them necessary for carrying out the purposes of such hospital."

Article 4484, V.C.S., is in part as follows:

"The board of managers shall keep in a book provided for that purpose a proper record of its proceedings . . . The board shall certify all bills and accounts, including salaries and wages, and transmit them to the commissioners' court, who shall provide for their payment in the same manner as other charges against the county

are paid.

"The board of managers shall make to the commissioners court annually, and at such times as said court shall direct, a detailed report of the operation of the hospital dispensaries and school during the year, showing the number of patients received and the methods and results of their treatment, together with suitable recommendations and such other matter as may be required of them, and shall furnish full and detailed estimates of the appropriations required during the ensuing year for all purposes, including maintenance, the erection of buildings, repairs, renewals, extensions, improvements, betterments or other necessary purposes."

Article 4485, V. C.S., reads in part:

"The Superintendent shall be the chief executive officer of the hospital, but shall at all times be subject to the by-laws, rules and regulations thereof, and to the powers of the board of managers.

"He shall, with the consent of the board of managers, equip the hospital with all necessary furniture, appliances, fixtures and all other needed facilities for the care and treatment of patients, and for the use of officers and employees thereof, and shall purchase all necessary supplies, not exceeding the amount provided for such purposes by the commissioners court.

". . .

"He shall cause proper accounts and records of the business and operations of the hospital to be kept regularly from day to day in books and on records provided for that purpose; and shall see that such accounts and records are correctly made up for the annual report as required by this

law, and present the same to the board
of managers who shall incorporate them
in their report to the commissioners
court.

". . .

"He shall collect and receive all
moneys due the hospital, keep an ac-
curate account of the same, report the
same at the monthly meeting of the
board of managers, and transmit the
same to the county collector within
ten days after such meeting." (Emphasis
added.)

In view of the underlined provision of Art-
icle 4485, it is our opinion that all revenues re-
ceived in connection with the operation of Stephens
County Memorial Hospital should be delivered to the
county treasurer for deposit by such county.
See Att'y Gen. Op. V-1100 (1950).

It will be noted from the foregoing stat-
utes that authority is vested in the board of man-
agers and the superintendent of a county hospital to
incur necessary expenditures for the operation and
maintenance of the hospital in a sum "not exceeding
the amount provided for such purposes in the com-
missioners court." By the express terms of Article
4484, the board of managers must transmit all bills
and accounts, including salaries and wages, to the
commissioners' court for payment "in the same manner
as other charges against the county are paid." Art-
icle 2351, V.C.S., provides that the commissioners'
court shall "audit and settle all accounts against
the county and direct their payment." In view of
these provisions, the county treasurer may not issue
warrants in payment of bills and accounts of the
hospital until the commissioners' court has approved
them for payment in the same manner as other charges
against the county are paid. Although the manage-
ment of the county hospital is vested in the board
of managers, the commissioners' court must approve
all accounts. See Att'y Gen. Op. 0-6433 (1945).

The money allocated by the commissioners'
court pursuant to the statute for the support and
maintenance of a county hospital cannot be trans-
ferred to the board of managers, but must remain

in the custody of the county treasurer to be disbursed on orders of the commissioners' court. See Att'y Gen. Op. V-510(1948).

We therefore agree with your opinion that all bills and accounts must be certified to by the board of managers of a county hospital, approved by the commissioners' court, and paid as other accounts owing by Stephens County.

## SUMMARY

All revenues received from operation of the Stephens County Memorial Hospital should be delivered to the County Treasurer of Stephens County for deposit by Stephens County and all bills and accounts should be certified to by the board of managers of such hospital, approved by the commissioners' court, and paid as other accounts owing by Stephens County.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Acting First Assistant

BW:gs:awo

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Assistant